## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**JOSEPH VINCENT MERLINO, III**,

       Petitioner,

v.                                     Civil Action No. **3:23CV253 (RCY)**

**HAROLD W. CLARKE,**

       Respondent.

### MEMORANDUM OPINION

Joseph Vincent Merlino, III, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("Amended § 2254 Petition," ECF No. 22) challenging his conviction in the Circuit Court for the City Virginia Beach, Virginia ("Circuit Court"). Respondent moves to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. For the reasons that follow, the Motion to Dismiss will be GRANTED, the § 2254 Petition will be DENIED, and Merlino's Motion to Amend, Motion for the Appointment of Counsel, and Motion for a Hearing on the Motion to Appoint Counsel will also be DENIED.

### I.  PROCEDURAL HISTORY

Following a jury trial in the Circuit Court, Merlino was found guilty of first-degree murder. ECF No. 26-1, at 7.[1] The Circuit Court sentenced Merlino to life in prison. ECF No. 26-2, at 1. Merlino appealed. On July 6, 2020, the Supreme Court of Virginia appointed John Ira Jones IV, to represent Merlino on his appeal to that court. ECF No. 22, at 31. On April 2, 2021, the Supreme

---

[1] Throughout this Memorandum Opinion, the Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling the quotations from the parties' submissions.

Court of Virginia refused Merlino's petition for appeal.  ECF No. 26-4, at 27.  Mr. Jones failed to notify Merlino at that time that the Supreme Court of Virginia had refused Merlino's petition for appeal.  ECF No. 22, at 31.  Indeed, Mr. Jones never communicated with Merlino during the entire time he represented him on appeal.  ECF No. 22, at 38.  Merlino did not learn that his appeal had been refused until November of 2021.  ECF No. 22, at 32.

On March 28, 2022, Merlino filed with the Supreme Court of Virginia a motion for an extension of time to file his state habeas petition.  ECF No. 28-2, at 5.  On March 30, 2022, the Supreme Court of Virginia denied the motion for an extension of time.  *Id.*  On Monday, April 4, 2022, the time for Merlino to file a state petition for a writ of habeas corpus expired.  *See* Va. Code. 8.01-654(A)(2) (West 2024) ("A habeas corpus petition attacking a criminal conviction or sentence shall be filed within . . . one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.").  On April 4, 2022, Merlino filed a motion to reconsider the decision denying his motion for an extension of time.  ECF No. 28-2, at 7.  On April 19, 2022, the Supreme Court of Virginia denied the motion to reconsider.  *Id.*

On April 10, 2023, Merlino filed a petition for a writ of habeas corpus with the Circuit Court.  ECF No. 26-5, at 2.  On June 28, 2023, the Circuit Court found that the petition for a writ of habeas corpus was untimely under the state statute of limitations.  ECF No. 26-6, at 6–7.

On March 30, 2023, Merlino filed his original § 2254 Petition.[2]  ECF No. 1, at 4.  On November 6, 2023, Merlino filed his Amended § 2254 Petition.  ECF No. 22.  In this Amended § 2254 Petition, Merlino contends that he is entitled to relief upon the following grounds:

Claim One:    Petitioner was denied the effective assistance of counsel because appellate counsel "refused to give vital case updates, & gave no

---

[2] This appears to be the date that Merlino placed his § 2254 Petition in the prison mail system.  The Court deems the § 2254 Petition filed as of the date.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

counsel from start to finish.  Resulting in habeas corpus delays and untimely filing."  *Id.* at 25.

Claim Two:  "Mr. Merlino was denied due process . . . when he was prevented from filing a timely habeas corpus because of the denial of a habeas corpus extension, and the Supreme Court of Virginia did not take any responsibility for appointing an ineffective counsel."  *Id.*

On December 8, 2023, Respondent moved to dismiss the Amended Petition on the ground that, *inter alia*, it failed to state cognizable grounds for federal habeas relief, and it was barred by the federal statute of limitations.  ECF No. 24.  Respondent's Motion was accompanied by an appropriate notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule 7(K).  ECF No. 27.

On January 4, 2024, Merlino responded by filing a Motion to Amend, ECF No. 28, along with a Proposed Second Amended § 2254 Petition, ECF No. 28-1.  He subsequently filed a Motion to Appoint Counsel, ECF No. 29, and a Motion for Hearing on the Motion to Appoint Counsel, ECF No. 30.  The time to respond to all motions has passed, and they are all thus ripe for review. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J).

## II.  ANALYSIS

### A.  Claim Two is Not Cognizable on Federal Habeas

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Thus, "claims of error occurring in a state postconviction proceeding cannot serve as a basis for federal habeas corpus relief."  *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted).  This is so because the habeas petitioner's detention results from the

underlying state conviction, not the state collateral proceeding. *Lawrence v. Branker*, 517 F .3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing *Bryant*, 848 F.2d at 493; *Bell–Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007); *United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006))).  Therefore, Claim Two, which raises an alleged error in Merlino's state habeas proceedings, fails to provide a viable basis for federal habeas relief and will be DISMISSED.

## B.  Claim One is Barred by the Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  Specifically, 28 U.S.C. § 2244(d) now reads:

1.    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

   (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> 2.    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1. Commencement and Running of the Statute of Limitations

Merlino's conviction became final on Monday, August 30, 2021, when the time for filing a petition for a writ of certiorari with the United States Supreme Court expired.[3] *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))). The one-year limitation period for filing his § 2254 Petition then expired on August 30, 2022.

### 2. No Entitlement to Statutory Tolling

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citations omitted). A petition that is denied by a state court as untimely is not "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (citation omitted)

---

[3] On March 19, 2020, the Supreme Court of the United States extended the time for filing a petition for a writ of certiorari from 90 days to 150 days in light of the COVID-19 pandemic. *See United States v. Spencer*, No. 22-6773, 2022 WL 17660979, at *1 (4th Cir. Dec. 9, 2022) (citation omitted). "The Supreme Court rescinded this order on July 19, 2021, subject to the provision that, for any lower court judgment that issued prior to July 19, the deadline to file a petition for a writ of certiorari remained extended to 150 days." *Id.* at *1 n.2.

("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).").  Merlino's state habeas petition was denied because it was not timely filed under Virginia law.  Therefore, Merlino is not entitled to statutory tolling.  *Id.*

Merlino's federal habeas is barred by the statute of limitation unless he demonstrates that he is entitled to (1) a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)–(D), sufficient to render his present petition timely, or (2) an equitable exception to the limitation period.  Although Merlino may be entitled a belated commencement of the limitation under 28 U.S.C. § 2244(d)(1)(D), that circumstance alone would not render his federal habeas timely.  Further, as explained below,  Merlino is not entitled to equitable tolling.

### a.  Belated Commencement

The pertinent provision provides for a belated commencement of the limitation period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  The record suggest that Merlino is entitled to a belated commencement of the limitation period for Claim Two, wherein he faults counsel for failing to inform him that the Supreme Court of Virginia had denied his petition for appeal.

Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case.  *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000).  A petitioner bears the burden to prove that he or she exercised due diligence.  *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).  "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option."  *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)).  Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts

supporting his claims." *Id.* (citation omitted).  Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

The denial of Merlino's petition for appeal to the Supreme Court of Virginia was discoverable as of April 2, 2021, when it was noted on the public docket.  *See Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008) (citing *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003)). However, though Merlino may have possessed the ability to discover the denial of his appeal in April1 of 2021, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4).  While no "magic number" exists for the time afforded a reasonable prisoner to discover that his direct appeal has been denied, a petitioner must offer some evidence that he acted with due diligence.  *Cf. Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (citation omitted) (finding that "a reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *see Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when he waited two months to inquire about requested appeal).  "[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *El-Abdu'llah v. Dir., Va. Dep't Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2 (E.D. Va. June 4, 2008) (citations omitted).

Here, the record indicates that Mr. Jones never contacted Merlino at any time while his petition for appeal was pending.  Merlino further states that "[m]ultiple attempts to contact Jones led to nowhere & it wasn't until appellant's JDR attorney . . . told appellant during a video court call that [his] appeal had been denied." ECF No. 1, at 11.  Given these circumstances, the Court

assumes, without deciding, that Merlino acted with reasonable diligence when he discovered that his appeal had been denied in November of 2021. Nevertheless, even with the benefit of a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D) to November 30, 2021, Merlino's federal habeas petition is untimely because it was not filed until March 30, 2023, sixteen months later.

### b. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace*, 544 U.S. at 418). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege with specificity the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (emphasis added).

Simple attorney error or incompetence during state habeas proceedings is not an extraordinary circumstance that warrants equitable tolling. *See Rouse v. Lee*, 339 F.3d 238, 249 (4th Cir. 2003) (citations omitted). Additionally, "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). "Further, the mere fact that a restriction relates to Covid-19 does not

automatically convert it into an extraordinary circumstance." *Booker v. Clarke*, No. 3:21CV212 (DJN), 2022 WL 464554, at *3 (E.D. Va. Feb. 15, 2022) (citation omitted).  Moreover, "[t]he word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Fisher v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999)).  Merlino fails to articulate how Mr. Jones's omission prevented him from timely filing his federal habeas petition.[4]  In sum, Merlino's § 2254 Petition is untimely and is barred by the statute of limitations.  Claim One will be DISMISSED.

## C.  Proposed Amendment is Futile

In his Motion to Amend and Proposed Second Amended Petition, Merlino seeks to add an additional twenty-three claims.   Specifically, Merlino seeks to raise the following additional claims:

| | |
|---|---|
| Claim Three | Merlino was denied due process because he was denied access to legal documents prior to trial. ECF No 28-1, at 26. |
| Claim Four | Merlino was denied due process when jail officials passed Merlino's conversations with his attorney on to the prosecutor. *Id.* at 29. |
| Claim Five | Merlino was denied due process when he was subjected to sleep deprivation by Virginia Beach Sheriff's Office. *Id.* at 31. |
| Claim Six | Merlino was denied the effective assistance of counsel when counsel failed to prepare and prevail on a pretrial suppression motion. *Id.* at 33. |

---

[4] Merlino could have filed a protective federal habeas petition with this Court while awaiting the determination of the Circuit Court as to whether his state habeas petition was timely under state law.  *See Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009).

| | |
|---|---|
| Claim Seven | Merlino was denied the effective assistance of counsel when counsel failed investigate the evidence and seek expert assistance. *Id.* at 36. |
| Claim Eight | Merlino was denied due process when the judge exhibited anxiety in front of the jury with respect to the prosecution's exhibits. This action supported the prosecution's theory that Merlino had poisoned the victim of his crime. *Id.* at 41. |
| Claim Nine | Merlino was denied due process when the judge failed to question the jurors about alleged improper communications. *Id.* at 45. |
| Claim Ten | Merlino was denied the effective assistance of counsel when counsel failed to adequately cross-examine the prosecution's witnesses. *Id.* at 47. |
| Claim Eleven | Merlino was denied due process when his motion for a continuance was denied. *Id.* at 54. |
| Claim Twelve | Merlino was denied due process when the contents of his iPhone were erased. *Id.* at 58. |
| Claim Thirteen | Merlino was denied the effective assistance of counsel when Merlino's counsel failed to disqualify or impeach Oanh Le and Luu Phu. *Id.* at 60. |
| Claim Fourteen | Merlino was denied the effective assistance of counsel when counsel failed to call Ouang Le to testify. *Id.* at 65. |
| Claim Fifteen | Merlino was denied the effective assistance of counsel when his counsel failed to put the 911 transcript, with translation, into evidence. *Id.* at 67. |
| Claim Sixteen | Merlino was denied due process because the prosecution engaged in misconduct throughout his case. *Id.* at 68. |
| Claim Seventeen | Merlino was denied the effective assistance of counsel when counsel failed to prepare him to testify and take the stand. *Id.* at 73. |
| Claim Eighteen | Merlino was denied the effective assistance of counsel when counsel failed to object to prejudicial actions by the prosecution. *Id.* at 75. |

10

| | |
|---|---|
| Claim Nineteen | Merlino was denied due process when the judge allowed an analyst to testify regarding the laptop. *Id.* at 79. |
| Claim Twenty | Merlino was denied due process during his state habeas proceedings when the Assistant Attorney General spread false information in his motion to dismiss Merlino's state habeas petition. *Id.* at 80. |
| Claim Twenty-One | Merlino was denied the effective assistance of counsel when counsel failed to move for a mistrial based on the fact that the judge showed fear of the prosecution's exhibits. *Id.* at 82. |
| Claim Twenty-Two | Merlino was denied due process when the judge denied him a fair sentencing hearing. *Id.* at 84. |
| Claim Twenty-Three | Merlino was denied the effective assistance of counsel when counsel prevented from having a fair sentencing hearing. *Id.* at 86. |
| Claim Twenty-Four | Merlino was denied the effective assistance of appellate counsel when appellate counsel filed an inadequate appeal. *Id.* at 87. |
| Claim Twenty-Five | Merlino was denied due process when the judge failed to exclude Bernard Moran's testimony and failed to disqualify him as a witness. *Id.* at 89. |

Claim Twenty, which alleges error in Merlino's state habeas proceeding, fails to provide a viable basis for federal habeas corpus relief. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) (citations omitted). Merlino's remaining claims are barred by the relevant statute of limitations, for the same reasons the Court discussed with respect to Count One. Thus, permitting the amendment would be futile. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Accordingly, the Motion to Amend (ECF No. 28) will be DENIED.

**D. No Right to Appointment of Counsel**

Merlino moves for the appointment of counsel. There is no constitutional right to have appointed counsel in post-conviction proceedings. *Mackall v. Angelone*, 131 F.3d 442, 449 (4th

Cir. 1997).  The Court, however, may appoint counsel to a financially eligible person if justice so requires.  *See* 18 U.S.C. § 3006A(a)(2)(B).  Petitioner fails to demonstrate that the interests of justice warrant the appointment of counsel at this juncture.  Accordingly, Petitioner's Motion for Appointment of Counsel (ECF No. 29) and Motion for a Hearing on His Motion for Appointment of Counsel (ECF No. 30) will be DENIED.

### III.  CONCLUSION

Respondent's Motion to Dismiss (ECF No. 24) will be GRANTED.  Merlino's claims will be DISMISSED.  The Motion to Amend (ECF No. 28), Motion for Appointment of Counsel (ECF No. 29), and Motion for a Hearing on the Motion for Appointment of Counsel (ECF No. 30) will all be DENIED.

The action will be DISMISSED.  A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date:  August 27, 2024
Richmond, Virginia